```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

RUSSELL R. SUTTON,              *
individually and on behalf      *
of all similarly situated       *
                                *
     Plaintiff,                 *
v.                              *   CIVIL ACTION FILE
                                *   NO. 1:15-CV-04486-RWS
HENNECOLD STORAGE, INC.,        *
                                *
     Defendant.                 *
```

**JOINT MOTION AND MEMORANDUM SEEKING APPROVAL
OF THE PARTIES' STIPULATED SETTLEMENT AGREEMENT**

COMES NOW, Defendant Hennecold Storage, Inc. and Russell R. Sutton, (collectively referred to as the "Parties") in the above-styled action ("Lawsuit"), by and through their counsel of record, and hereby request that this Court approve their "General Release and Settlement Agreement ("Settlement Agreement"), attached hereto as Exhibit A.  For the reasons set forth below, the Parties respectfully request that this Court approve the Settlement Agreement, and dismiss this Lawsuit with prejudice.

## I. BACKGROUND

In this Lawsuit, the Plaintiff alleges violations for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA").  The Plaintiff seeks backpay, overtime pay, liquidated damages, and costs and attorneys' fees. (Docket No. 1) Specifically, the Plaintiff contends that his hours

were improperly truncated, that Defendant improperly deducted his lunches and that he was otherwise not paid overtime.

The Defendant disputes the Plaintiff's claims and contends that the Plaintiff was not misclassified nor inaccurately paid. (Docket No. 8)  The Defendant specifically contends that the Plaintiff was exempt under the executive and/or administrative exemption to overtime for salaried employees working over 40 hours a week.  Defendant further contends that during the time period that the Plaintiff was paid hourly, his lunch periods were properly deducted and that he was properly paid overtime.

The Defendant also contends that, even if the Plaintiff was entitled to any overtime due to his alleged misclassification, the calculation would be based on the fluctuating work week calculation, which is based on a half-time calculation.  See Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1310-11 (2013); Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 580, 62 S. Ct. 1216 (1942).

The Parties have reached an agreement to resolve all of the Plaintiff's claim for unpaid wages, liquidated damages, and costs and attorneys' fees.  The Parties now respectfully request that this Court approve the Settlement Agreement pertaining to the Plaintiff's FLSA claims.

## II. CITATION OF AUTHORITY

**A. Approval By The Court.**

Pursuant to 29 U.S.C. § 216(b) the compromise of FLSA claims require approval by the Court, when the payment is not made through the Department of Labor.  See <u>Lynn's Food Stores v. United States</u>, 679 F.2d 1350 (11th Cir. 1982)(holding a private suit filed by employees requires that the settlement be reviewed and approved by the Court).

In this Lawsuit, the Plaintiff worked at different time periods as an hourly employee and a salaried employee.  As set forth above, the parties dispute whether the Plaintiff was properly classified, whether his lunches were properly deducted, and whether he is entitled to any wages, overtime, and liquidated damages.

The Parties further dispute the amount of damages the Plaintiff would be entitled to in the event of an award in his favor.  Thus, the Parties desire to resolve this matter.  The Plaintiff agrees that the amount being paid to him under the Settlement Agreement is fair and reasonable.  The Parties agree that this amount is a fair and reasonable amount based upon the factual and legal issues involved.

Defendant further contends that even if the Court were to determine any liability, that it acted in good faith and based on reasonable grounds, as defined by 29 U.S.C. § 260 in classifying the Plaintiff as an exempt salaried manager.

Given the managerial duties performed by Plaintiff during his employment, there is substantial uncertainty as to whether the Plaintiff will recover any overtime compensation with respect to the period in which he was paid on a salary basis. Additionally, a bona fide dispute exists with respect to (1) whether or not clock in/out times were correctly recorded and produced to the payroll company; (2) how often Plaintiff actually skipped lunch and whether or not Defendant was aware; (3) whether the Plaintiff is exempt under the FLSA; (4) if so, the number of hours of overtime, if any, to which the Plaintiff would be entitled; and, (5) the reduction of those hours by the fluctuating work week calculation.

For these reasons, the Parties have agreed that the amount contained in the Settlement Agreement is a "fair and reasonable" resolution of the Plaintiff's claims. Under the terms of the Settlement Agreement, Plaintiff has determined that he will receive 100% of the back wages and liquidated damages he seeks for the period in which he was paid on an hourly basis, and approximately one quarter of the back wages and liquidated damage he seeks for the period after he became a salaried employee. The

Parties have been represented by counsel throughout the negotiation of the Settlement Agreement. The Parties have reached the Settlement Agreement by taking into consideration the disputed issues and a desire to fully resolve all issues between the Parties.

In addition, the Parties reached this Settlement Agreement in the interest of judicial economy and the avoidance of the time and expense of lengthy litigation. This Settlement Agreement provides the Parties with a reasonable resolution and certainty. Thus, this Settlement Agreement amount fairly and reasonably compensates the Plaintiff.

**B. Plaintiff's Attorney Fees Are Reasonable.**

Under the FLSA a prevailing party is entitled to attorneys' fees and costs. See 29 U.S.C. § 216(b). In this action, Plaintiff's counsel, Charles Bridgers, Kevin Fitzpatrick, Jr., and Matthew Herrington all of Delong, Caldwell, Bridgers, Fitzpatrick, & Benjamin, LLC, seek to be paid for attorneys' fees and costs for the FLSA claims.

The Plaintiff submits that his contract with his counsel provides that Plaintiff's counsel will receive a lodestar amount based on actual time billed, in addition to 25% of Plaintiff's recovery categorized as liquidated damages in exchange for advancing the costs of litigation. However, for the purposes of facilitating settlement, Plaintiff submits this his counsel have

waived their right to collect 25% of liquidated damages and have substantially cut their fees based on the lodestar method. Plaintiff's counsel submits that based on the number of hours they have expended in this case and based on the respective hourly rates, this amount is reasonable for attorneys' fees incurred in reviewing the file, drafting the Complaint, exchanging discovery, negotiating the settlement, and reviewing the settlement document and pleadings.  Therefore, Plaintiff's counsel submits that the amount of costs and attorneys' fees is reasonable.  Defendant does not contest the attorneys' fees taking into consideration the legal criteria for awarding attorneys' fees under fee shifting statutes. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983; Norman v. Hous. Auth. Of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

### III. CONCLUSION

WHEREFORE, the Parties respectfully request the Court approve the Settlement Agreement.  The Parties further request that this Court dismiss this Lawsuit with prejudice.

Respectfully submitted this 2nd day of September 2016.

| | |
|---|---|
| **THE REDDY LAW FIRM, P.C.** | **DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC** |
| s/K. Prabhaker Reddy | s/Matthew W. Herrington |
| Counsel for Defendant | Counsel for Plaintiff |
| K. Prabhaker Reddy | Matthew W. Herrington |
| Georgia Bar No. 597320 | Georgia Bar. No. 275411 |

```
1325 Satellite Boulevard        3100 Centennial Tower
Suite 1506                      101 Marietta Street
Suwanee, Georgia 30024          Atlanta, Georgia 30303
Telephone:  (678) 629-3246      Telephone:  (404) 979-3170
Facsimile:  (678) 629-3247      Facsimile:  (404) 979-3170
Email: kpr@reddylaw.net         Email: matthew.herrington@dcbflegal.com
```